1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KAREN SNYDER,                          No. 1:19-cv-00679-DAD-EPG

12                  Plaintiff,

13        v.                                 ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANT'S
14   STANISLAUS COUNTY, et al.,              MOTION TO DISMISS

15                  Defendants.              (Doc. No. 15)

16

17
          This matter came before the court on defendant POMCO Insurance's ("defendant" or
18
     "POMCO") motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 15.) A
19
     hearing on the motion was held on December 17, 2019.[1] Attorney Lawrence Niermeyer appeared
20
     on behalf of plaintiff Karen Snyder ("plaintiff"). Attorney Courtney Hill appeared on behalf of
21
     defendant. Having reviewed the parties' briefing and heard oral argument, and for the reasons set
22
     forth below, the court will grant in part and deny in part defendant's motion to dismiss.
23
     /////
24

25   _____

     [1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's
26   overwhelming caseload has been well publicized and the long-standing lack of judicial resources
     in this district has reached crisis proportion. Unfortunately, that situation sometimes results in the
27   court not being able to issue orders in submitted civil matters within an acceptable period of time.
     This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the
28   parties and their counsel.

                                                    1

Plaintiff's complaint (Doc. No. 1-1 ("Compl.")) alleges as follows.  On or about January 1, 2015, Stanislaus County unilaterally selected and contracted with POMCO to provide county employees with medical coverage under a group health plan administered by POMCO.  (*Id.* at ¶ 6.)  On or about August 1, 2015, Stanislaus County designated POMCO to plaintiff as her medical health insurance provider.  (*Id.* at ¶ 7.)

On August 22, 2017, plaintiff presented to her primary care physician a five-day history of right lower back pain radiating to her groin.  (*Id.* at ¶ 10.)  On August 23, 2017, plaintiff's primary care physician submitted a medical procedure authorization request for an immediate, "STAT", CT scan of plaintiff's abdomen and pelvis to POMCO.  (*Id.* at ¶ 11.)  POMCO received the authorization request that day.  (*Id.* at ¶ 12.)  According to plaintiff, on or about August 23 or 24, 2017, POMCO placed or misclassified her medical authorization request within an area calling for regular review and not within the area calling for immediate "STAT" review.  (*Id.* at ¶ 13.)  As of August 30, 2017, POMCO had not reviewed, processed, denied, sought clarification of, or approved the medical authorization request for plaintiff's treatment.  (*Id.* at ¶ 14.)

On August 31, 2017, plaintiff returned to her primary care physician with complaints of vomiting, severe bloating, and the inability to urinate.  (*Id.* at ¶ 15.)  Plaintiff was admitted to the hospital.  (*Id.*)  POMCO reviewed and approved the medical authorization on August 31, 2017, and plaintiff underwent the CT scan that day.  (*Id.* at ¶ 16.)  In the absence of a timely, immediate, "STAT", CT scan, plaintiff was unable to receive the required medical diagnostic studies, medical treatment, and medical interventions required to treat her condition.  (*Id.* at ¶ 17.)  As a proximate cause, plaintiff suffered an obstruction to her kidneys, kidney failure, renal failure, and sepsis requiring her to initially be hospitalized for twelve days.  (*Id.*)  Plaintiff was subsequently hospitalized again, and she underwent surgery.  (*Id.*)

On September 14, 2018, plaintiff filed this action in Stanislaus County Superior Court against Stanislaus County and POMCO.  (Compl.)  The complaint asserts causes of action for negligence and breach of contract.  (*Id.*)  Plaintiff filed a notice of dismissal of and request for

/////

dismissal in the Stanislaus County Superior Court on February 20, 2019, thereby voluntarily dismissing Stanislaus County from this action with prejudice. (*See* Doc. No. 1-3, Ex. 2.)

On March 1, 2019, plaintiff amended the complaint to add former defendant HealthCare Strategies, Inc. ("HCS"). (Compl. at 11.) On May 16, 2019, HCS removed the action to the Eastern District of California. (Doc. No. 1.) HCS filed a motion to dismiss on May 22, 2019. (Doc. No. 5.) Plaintiff and HCS stipulated to the dismissal of HCS from this action with prejudice on July 17, 2019. (Doc. No. 9.) This court gave effect to that stipulation on July 24, 2019 and HMS was dismissed as a defendant with prejudice. (Doc. No. 10.)

POMCO filed the pending motion to dismiss on October 25, 2019. (Doc. No. 15.) On November 14, 2019, plaintiff filed her opposition. (Doc. No. 19.) POMCO replied on December 10, 2019. (Doc. No. 20.)

## LEGAL STANDARD

A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court may consider material which is properly submitted as part of the complaint; documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them; and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

As stated above, plaintiff brings both a negligence claim and a breach of contract claim against POMCO.  POMCO asserts that each should be dismissed for failure to state a claim upon which relief could be granted.  Below, the court will address each of plaintiff's claims in turn.

**A.      Whether Plaintiff States a Negligence Claim Against POMCO**

Plaintiff brings one negligence claim against POMCO.  (Compl. at ¶ 21.)  POMCO moves to dismiss that claim, arguing that plaintiff has not pled facts supporting her claim that POMCO owed and breached a duty to her.  (Doc. No. 15-1 at 10.)

Under California law, "the elements of actionable negligence are:  (1) a legal duty to use due care; (2) a breach of that duty; (3) causation; and (4) damages."  *Coppola v. Smith*, 935 F. Supp. 2d 993, 1013 (E.D. Cal. 2013) (citing *Ladd v. Cnty. of San Mateo*, 12 Cal.4th 913, 917 (1996); *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 534 (2009)).  The parties do not dispute that plaintiff has alleged causation and damages.  Thus, the court will consider whether plaintiff has sufficiently alleged a duty owed and a breach of that duty.

1.      Whether the Complaint Alleges that POMCO Owed Plaintiff a Legal Duty

The court must first determine what, if any, duty of care POMCO owed plaintiff.  In her complaint plaintiff alleges that POMCO owed a "duty of care to receive, review, and process all

medical authorization requests in a through [*sic*] and expeditious manner and providing priority attention to those which required immediate attention." (Compl. at ¶ 20.)  In California, "'[t]he existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide.'"  *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1152 (E.D. Cal. 2010) (quoting *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004)).  California has a "'general rule' . . . that people owe a duty of care to avoid causing harm to others and that they are thus usually liable for injuries their negligence inflicts."  *S. California Gas Leak Cases*, 7 Cal. 5th 391, 398 (2019).  When a plaintiff has incurred an injury such as physical harm to their person, California courts "presume the defendant owed the plaintiff a duty of care and then ask whether the circumstances 'justify a departure' from that usual presumption."  *Id.*; *see also Doe v. United States Youth Soccer Assn., Inc.*, 8 Cal. App. 5th 1118, 1128 (2017), *as modified on denial of reh'g* (Mar. 16, 2017) ("Absent a statutory exception to this general rule, courts should find an exception to the duty of reasonable care only where 'clearly supported by public policy.'").

In its pending motion to dismiss, POMCO argues that plaintiff has failed to allege that it owed her a duty of care because POMCO is not the entity responsible for handling pre-certification requests for plaintiff's specific insurance plan.  (Doc. No. 15-1 at 8.)  According to POMCO, HCS is the entity that handles pre-certification requests.  (*Id.*)  In support of its motion to dismiss, POMCO submits the declaration of Jennifer Krejci—the case installations supervisor of POMCO's parent company, UMR, Inc.—along with a copy of the summary plan description and schedule of benefits for plaintiff's medical coverage plan.[2]  (Doc. No. 15-2.)  Krejci declares that plaintiff is a member of the group health plan called Stanislaus County Partners in Health

---

[2]  The terms of the summary plan description and the schedule of benefits for plaintiff's medical coverage plan underlie her negligence and breach of contract claims.  (Compl. at ¶ 13 ("[I]n violation of their procedures and/or protocol for addressing, processing, and responding to authorization requests for immediate review and processing, Defendant POMCO placed and/or miss-classified [*sic*] Plaintiff's medical authorization request within an area for regular review and not within the area for immediate 'STAT review. [*sic*]"); *see also id.* at ¶¶ 20, 30, 31.)  Thus, the court may consider these documents in ruling on the motion to dismiss.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that the "incorporation by reference" doctrine extends to situations in which "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document").

Medical Benefits EPO Option ("EPO Option").  (*See* Doc. Nos. 15-2 at ¶ 4; 15-2, Ex. A at 132)

("The Plan is a self-funded group health Plan and the administration is provided through a Third

Party Claims Administrator.").  POMCO points out that for pre-certification, the EPO Option

"requires a phone call before the Covered Person is admitted to a Hospital/facility or before a

surgical procedure is scheduled to be performed in an inpatient setting" and provides a phone

number for HCS.  (Doc. No. 15-2, Ex. A at 48).  Elsewhere, the plan identifies POMCO as the

third-party claims administrator that handles claim status or benefits.  (Doc. No. 15-1 at 8–9; *see*

*also* Doc. No. 15-2, Ex. A at 132) (noting that plaintiff's group health benefit plan is administered

by POMCO as the third-party claims administrator for health).

Plaintiff's complaint sufficiently alleges that POMCO owed her a duty.  As stated,

California has a "'general rule' . . . that people owe a duty of care to avoid causing harm to

others." *S. California Gas Leak Cases*, 7 Cal. 5th at 398.  POMCO's arguments focus solely on

clarifying its role as the third-party claims administrator, but at least one California appellate

court has "harbor[ed] no doubt that . . . a third party claims administrator for a health care plan,

owes a general duty of due care to plan members to avoid physical harm to them resulting from

its administration of benefits under the plan." *Mintz v. Blue Cross of California*, 172 Cal. App.

4th 1594, 1616–17 (2009).  As the court noted at the hearing, in the pending motion POMCO also

raises several factual issues that are not properly addressed by way of motion to dismiss but

instead should be resolved on summary judgment or, if genuinely disputed and material, at trial.

Taking the allegations of the complaint as true, the court finds that plaintiff has sufficiently

alleged that POMCO owed her a duty of ordinary care.

2. Whether the Complaint Alleges that POMCO Breached a Legal Duty

Next, the court considers whether plaintiff's complaint adequately alleges that POMCO

breached a duty owed to plaintiff.  In this regard, plaintiff's complaint alleges that POMCO

/////

/////

/////

/////

carelessly and negligently failed to review, classify, process and/or act upon the immediate "STAT" medical authorization request submitted by Plaintiff's primary medical physician. Instead, [POMCO] negligently and carelessly misplaced and/or misclassified the medical authorization request, failed to take any action or provide any consideration to the request and instead neglected the request for seven days.

(Compl. at ¶ 21.)

In its pending motion to dismiss, POMCO argues that plaintiff incorrectly requested pre-certification when retrospective review is the appropriate procedure for emergency services. (Doc. No. 15-1 at 10.) POMCO notes that the summary plan description states that in cases of emergency admission, the covered person must contact the utilization review administrator within 48 hours of the first business day *after* the admission. (Doc. No. 15-2, Ex. A at 20.) POMCO argues it is apparent that in this case the request should not have been submitted for the pre-certification process, given its emergent nature. (Doc. No. 15-1 at 10.) According to POMCO, plaintiff should have first received the treatment she required and then submitted her claim for retrospective review. (*Id.*) POMCO notes plaintiff's allegation that her primary care physician submitted a "medical procedure authorization request for an immediate, 'STAT' CT scan of Plaintiff's abdomen and pelvis" to POMCO on August 23, 2017; and that POMCO inappropriately placed the request for regular review, as opposed to immediate "STAT" review, and that the review did not occur until August 31, 2017, by which time plaintiff had already been admitted to the hospital. (*Id.* at 11) (citing Compl. at ¶¶ 11, 13–15.) However, POMCO contends that plaintiff has failed to adequately allege the breach of a duty because she alleges that she did not utilize the proper retrospective review. (Doc. No. 15-1 at 12.)

The court finds POMCO's argument to be unpersuasive and concludes that plaintiff's complaint sufficiently alleges that POMCO breached a duty of care owed to her. Plaintiff need only "give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (explaining that a "complaint must, at a minimum, plead enough facts to state a claim for relief that is plausible on its face"). Here, plaintiff's complaint alleges that POMCO breached its duty by failing to take any action and instead neglecting the request submitted on behalf of plaintiff for

seven days. (Compl. at ¶ 21.) Taken as true, this allegation is sufficient to survive a motion to dismiss. Moreover, whether POMCO's failure to act and its delay in considering plaintiff's request constitutes a breach of its duty is a factual question that cannot be determined at this stage in the litigation. *See Monreal v. Tobin*, 61 Cal. App. 4th 1337, 1350 (1998) ("[B]reach of duty and causation normally present factual questions for the trier of fact . . .").

Accordingly, the court finds that plaintiff's complaint sufficiently states a claim for negligence against POMCO.

**B.      Whether Plaintiff States a Breach of Contract Claim Against POMCO**

Lastly, the court considers whether plaintiff's complaint adequately alleges a breach of contract claim. Plaintiff alleges that POMCO "breached the agreement by failing to review, address, process, and/or respond to Plaintiff's medical authorization request." (Compl. at ¶ 30.) Plaintiff further alleges that she "performed all obligations to [POMCO] pursuant to the terms of the agreement, except those, if any, that Plaintiff was prevented or excused from performing." (*Id.* at ¶ 31.) POMCO moves to dismiss this breach of contract claim, arguing that plaintiff has failed to adequately plead how it breached any contractual obligation. (Doc. No. 15-1 at 12–13.)

To state a cause of action for breach of contract under California law, a party must plead the existence of a contract, performance or excuse for nonperformance by the injured party, breach by the offending party, and damages. *Walsh v. West Valley Mission Community College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998); *Neal v. Quality Loan Service Corp*, 301 Fed. Appx. 679, 680 (9th Cir. 2008)[3]; *see also Wang & Wang LLP v. Banco Do Brasil, S.A.*, No. Civ. S-06-00761 DFL KJM, 2007 WL 915232, at *3 (E.D. Cal. Mar. 26, 2007) (noting that, when state law claims are raised in federal court, the manner in which state law claims or defenses are raised is governed by the Federal Rules rather than by California pleading standards).

POMCO argues that under the terms of plaintiff's health care plan, it was not contractually required to conduct utilization review upon plaintiff's request for pre-certification of the CT scan. (Doc. No. 15-1 at 13.) POMCO also argues that even if it had a role in that process,

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

there is no breach alleged because the request was emergent and thus needed to be submitted as part of retrospective review pursuant to the terms of the plan.  (*Id.*)

In her opposition to the pending motion, plaintiff argues that "POMCO owed Plaintiff a duty of care to receive, review, and process all medical authorization requests in a thorough and expeditious manner and providing priority attention to those which required immediate attention." (Doc. No. 19 at 6–7.)  Plaintiff asserts that POMCO "had an obligation to provide Plaintiff with health care coverage and the ability to access such health care when medically required[,] and plaintiff was required and did pay POMCO monthly premiums for such coverage." (*Id.* at 6.) Plaintiff contends that POMCO breached its obligation when it failed to provide its required authorization for the medical procedure.  (*Id.*)  Plaintiff states that the breach caused her to suffer damages because immediate, required treatment was effectively denied to her due to POMCO's inaction. (*Id.*)

The court finds that plaintiff's complaint does not adequately allege her performance, a required element of a breach of contract claim.  Under California law, "[a] breach of contract claim must allege performance, though this obligation 'can be satisfied by allegations in general terms.'" *Adobe Sys. Inc. v. A & S Elecs.*, *Inc.*, 153 F. Supp. 3d 1136, 1146 (N.D. Cal. 2015) (quoting *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1389 (1990)).  However, "a general allegation of due performance will not suffice if the plaintiff also sets forth what has actually occurred and such specific facts do not constitute due performance." *Careau & Co.*, 222 Cal. App. 3d at 1389–90.  Here, plaintiff's complaint does include a general allegation that plaintiff performed all required obligations (Compl. at ¶ 31), but those general allegations are "rendered defective" by contradictory allegations elsewhere in the complaint.  *See Careau & Co.*, 222 Cal. App. 3d at 1389–90.  In her complaint plaintiff does not allege that she initiated the retrospective review process, but instead alleges that her primary care physician submitted an emergency CAT scan request to POMCO for pre-certification.  (*See* Compl. at ¶ 11.)  Plaintiff's plan specifies that the retrospective review process should be used for an

/////

/////

emergency CAT[4] scan, and pre-certification should be used for non-emergency CAT scans. (Doc. No. 15-2, Ex. A at 19.) Thus, plaintiff has not alleged that she or someone on her behalf performed the requisite contractual obligation.

Assuming *arguendo* that submitting an emergency request for pre-certification could have constituted performance, plaintiff has also failed to allege that the review process was properly initiated. The EPO Option directs the covered person to call HCS to pre-certify a request for CAT scans. (*Id.* at 50; *see also id.* at 60) (Pre-certification "requires a phone call before the Covered Person is admitted to a Hospital/facility or before a surgical procedure is scheduled to be performed in an inpatient setting. Please contact *HealthCare Strategies* toll-free at 1.844.344.8045. Services will be denied for non-compliance with this requirement.") (emphasis added). Instead of contacting HCS, "Plaintiff's primary care physician, on behalf of and for the immediate benefit of Plaintiff, submitted a medical procedure authorization request for an immediate, 'STAT' CT scan of Plaintiff's abdomen and pelvis to Defendant POMCO." (Compl. at ¶ 11.) Plaintiff has alleged "what [] actually occurred" and those "specific facts do not constitute due performance." *Careau & Co.*, 222 Cal. App. 3d at 1389–90. Moreover, the court need not accept as true the complaint's general allegations that plaintiff performed her obligations under the contract because those allegations contradict the requirements of her healthcare plan on its face. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015) ("Moreover, we need not accept as true allegations contradicting documents that are referenced in the complaint.") (internal quotation marks omitted).

By extension, plaintiff has also failed to adequately allege that POMCO breached a contractual duty. In this regard, plaintiff alleges that "in violation of their procedures and/or protocol for addressing, processing, and responding to authorization request for immediate review and processing, Defendant POMCO placed and/or miss-classified Plaintiff's medical authorization request within an area for regular review and not within the area for immediate 'STAT [*sic*] review." (Compl. at ¶ 13.) But in the allegations of the complaint, plaintiff "points

---

[4] The phrases "CT scan" (as used in the briefing) and "CAT scan" (as used in the summary plan description) are used interchangeably to refer to the same medical procedure.

to no term of the contract that was breached by [POMCO]." *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1238 (S.D. Cal. 2009). Instead, the plan identifies POMCO as the third-party claims administrator that has a contractual duty only to handle claim payments. (*See* Doc. No. 15-2, Ex. A at 105); (*id.* at 132) (noting that plaintiff's group health benefit plan is administered by POMCO as the third-party claims administrator for health); (*id.* at 50) ("If you have any questions regarding *claim status or benefits*; please feel free to email: *medicalbenefitshelp@pomco.com*.") (emphasis added).

The court concludes that plaintiff's complaint does not state a claim for breach of contract upon which relief may be granted. Additionally, the court declines to grant leave to amend, because amendment would be futile in light of plaintiff's healthcare plan contradicting the allegations of her complaint with respect to the breach of contract claim. *See* Fed. R. Civ. P. 15(a)(2); *Amerisource Bergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (explaining that leave to amend need not be granted where the amendment is futile).

### CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 15) is granted in part and denied in part;

2. Plaintiff's breach of contract claim is dismissed with prejudice; and

3. This case is referred back to the assigned magistrate judge for further proceedings including the setting of an initial scheduling conference.

IT IS SO ORDERED.

Dated:  **June 1, 2021**  _____

UNITED STATES DISTRICT JUDGE