UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SNYDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00679-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RE: REQUEST FOR DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)<br><br>(ECF NO. 40) |

This matter is before the Court on Plaintiff Karen Snyder's request for dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 40). For the reasons given, the Court recommends that the request for dismissal be granted.[1]

**I.　BACKGROUND**

This civil action alleging claims of negligence and breach of contract was removed from the Stanislaus Superior Court on May 16, 2019.[2] (ECF No. 1). On July 13, 2021, Defendant and Third-Party Plaintiff Pomco Insurance (also known as Pomco West, Inc.) brought a third-party complaint against Third-Party Defendant Healthcare Strategies, Inc. and Does 1 through 10. (ECF No. 33).

---

[1] The Court issues findings and recommendations because a request for dismissal under Rule 41(a)(2) is a dispositive matter. *See Dawson v. Asher*, No. C20-0409JLR, 2020 WL 6799009, at *2 (W.D. Wash. Nov. 19, 2020) (reviewing report and recommendation on Rule 41(a)(2) motion as a dispositive matter).

[2] The notice of removal stated that Defendant Stanislaus County had been "voluntarily dismissed with prejudice from this suit by [P]laintiff" before removal. (ECF No. 1, p. 2).

1

On November 22, 2021, Third-Party Defendant Healthcare Strategies, Inc. filed a notice that the parties had settled the case. (ECF No. 38). Accordingly, the Court ordered the parties to file the appropriate dispositional papers. (ECF Nos. 37, 39).

On December 27, 2021, Plaintiff Karen Snyder filed a request for dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 40). On December 28, 2021, this Court ordered that all remaining parties in this case file a response or notice of non-opposition to this filing. (ECF No. 41). Defendant and Third-Party Plaintiff Pomco Insurance and Third-Party Defendant Healthcare Strategies, Inc. have since both filed notices of non-opposition to the request for dismissal, stating that dismissal is required by the terms of the parties' settlement agreement. (ECF Nos. 42, 43).

**II.    ANALYSIS**

Under Rule 41(a)(2) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make: 1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3) what terms and conditions, if any, should be imposed." *Martin v. Winett*, No. 1:04-CV-05358-LJO, 2012 WL 2360800, at *2 (E.D. Cal. June 20, 2012) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). Voluntary dismissal under Rule 41(a)(2) is warranted unless a defendant can show that it will suffer plain legal prejudice as a result of the dismissal. *Id.* (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)).

Here the Court recommends that dismissal of this action in its entirety be allowed. Notably, Defendant and Third-Party Plaintiff Pomco Insurance has filed a notice that it does not oppose dismissal of this action, which entails dismissal of its third-party complaint; rather, it states that dismissal of this action is required by the parties' settlement agreement. (ECF No. 43). Likewise, Third-Party Defendant Healthcare Strategies, Inc. does not oppose dismissal of this action and states that dismissal of this action is required by the parties' settlement agreement. (ECF No. 42). Accordingly, with an explicit agreement to dismiss this action in place, no party

can claim prejudice as a result of dismissal.

Next, the Court recommends that this action be dismissed with prejudice. Plaintiff specifically requested that this action be dismissed with prejudice and all remaining parties have express no opposition to such dismissal, instead indicating that this is required by the parties' settlement agreement.

Lastly, the Court sees no basis to recommend any other terms and conditions of dismissal, as the request for dismissal appears to contemplate all that was agreed to by the parties' settlement agreement.

## III.   CONCLUSIONS AND RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff Karen Snyder's request for dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 40) be granted;

2. This case be dismissed in its entirety with prejudice; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 3, 2022**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

3